**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **C.P.**

**No. 21-0819** (Kanawha County 20-JA-467)

**MEMORANDUM DECISION**

Petitioner Mother M.P., by counsel Sandra K. Bullman, appeals the Circuit Court of Kanawha County's September 13, 2021, order terminating her parental rights to C.P.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem, J. Rudy Martin, filed a response on the child's behalf in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2020, the DHHR filed a child abuse and neglect petition alleging that petitioner was abusing controlled substances, specifically heroin. The DHHR alleged that petitioner "passed out with a needle in her arm" in the presence of then two-year-old C.P. and had exposed the child to her substance abuse. The DHHR asserted that when a worker went to interview petitioner, petitioner "got up with [the child] and ran from the worker." Ultimately, petitioner and the child were found in the woods, though petitioner claimed that they were "just picking berries." The DHHR further alleged that petitioner appeared intoxicated at that time, but she denied heroin use. The DHHR implemented a safety plan, noting that the home contained "hardly any food" despite the fact that there were "a lot of people" living in the home. The

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

DHHR alleged that some of the other individuals in the home appeared intoxicated at the time of the attempted interview.

The circuit court held an adjudicatory hearing in November of 2020, during which petitioner stipulated to the allegations in the petition and moved for a post-adjudicatory improvement period. The circuit court adjudicated petitioner as an abusing parent and granted her motion for an improvement period. It ordered petitioner to continue to participate in substance abuse treatment, random drug screening, parenting and adult life skills classes, supervised visitation with the child, and to remain drug free.

Throughout the following months, the DHHR reported that petitioner was complying with services, including participating in a medically assisted treatment program, complying with random drug screening, and that visitation with the child was going well. Further, petitioner obtained employment and housing. The DHHR reported that petitioner was scheduled to begin unsupervised visitation with the child, but that visitation was delayed after she suddenly moved into new housing at the end of January of 2021. Petitioner was granted unsupervised visitation in March of 2021 based on her continued compliance with services.

However, in May of 2021, the DHHR reported that petitioner's compliance with services was waning. According to the DHHR, petitioner was noncompliant with random drug screening and, as a result, her visitation with the child was suspended. Additionally, petitioner was unemployed and had not made "any significant progress in getting her apartment put together." Nevertheless, the DHHR recommended that petitioner's improvement period continue as it had changed service providers for petitioner, which petitioner had identified as a possible hindrance to performance. The circuit court continued petitioner's improvement period and cautioned petitioner that an additional continuation of the improvement period was contingent upon her participation in services.

In July of 2021, the circuit court held a review hearing. Petitioner did not appear, but counsel represented her. The DHHR reported that petitioner's service providers had been unable to reach petitioner and that it had been three weeks since petitioner had contact with the DHHR. The DHHR also reported that petitioner had been "arriving late for visitation or not appearing at all," until she ceased participating in random drug screening, at which point her visitation was suspended. According to the DHHR, it did not have a valid address or other means of contacting petitioner. Finally, the DHHR recommended the termination of petitioner's improvement period and proceeding to disposition. The circuit court granted the motion, over petitioner's objection.

The circuit court held the final dispositional hearing in September of 2021. Petitioner did not appear, but counsel represented her. The DHHR reported that petitioner had not contacted the DHHR, her service providers, or the drug screening facility since the July of 2021 hearing. The DHHR further reported that it had no means of contacting or locating petitioner. Petitioner presented no evidence. Ultimately, the circuit court found that petitioner had not corrected the conditions of neglect and abuse and failed to follow through with a reasonable family case plan. The court concluded that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future and that termination of petitioner's parental rights was necessary for the welfare of the child. Accordingly, the circuit court

terminated petitioner's parental rights by its September 13, 2021, order. Petitioner now appeals that order.[2]

The Court has previously held:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating her parental rights because she substantially complied with services. Petitioner acknowledges that she "became non-compliant towards the end of the proceeding" but asserts that all prior reviews had been substantially positive until that time. She argues that she should have been granted more time to complete her improvement period or be granted a post-dispositional improvement period. We find petitioner is entitled to no relief on appeal.

Pursuant to West Virginia Code § 49-4-604(c)(6), a circuit court may terminate a parent's parental rights upon finding that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the child. West Virginia Code § 49-4-604(d)(3) provides that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when

> [t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or life of the child.

---

[2]The father's parental rights were also terminated below. According to the parties, the permanency plan for the child is adoption in his current foster placement.

Here, the record shows that petitioner failed to follow through with a reasonable family case plan. While petitioner initially complied with services and appeared to be progressing in correcting her parenting, she had not successfully completed her improvement period. Shortly before she stopped all communication with the DHHR and stopped participating in services, petitioner had no stable housing or employment and was not compliant with random drug screening or visitations with the child. At the time of the dispositional hearing in September of 2021, it had been nearly three months since petitioner contacted the DHHR, her service providers, or the drug screening facility. Most importantly, petitioner offered no excuse regarding her absence, and there was no indication that she would return and begin her participation anew. Petitioner's argument that the court should have allowed her more time to improve ignores this Court's prior holding: "[C]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened[.]" *Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, Syl. Pt. 4, in part. (internal citation omitted). Thus, the circuit court was not required to speculate on petitioner's potential return to these proceedings. The circuit court was fully justified in finding that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected when petitioner could not be troubled to remain in contact with the DHHR or appear for hearings, let alone participate in services to remedy the conditions that gave rise to the filing of the petition. Accordingly, we find no error in the circuit court's finding.

Finally, that finding supports the circuit court's termination of petitioner's parental rights. We have also held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Based upon the record before this Court, we find that the circuit court was well within its discretion to terminate petitioner's parental rights rather than impose a less-restrictive dispositional alternative, such as the post-dispositional improvement period that petitioner advances on appeal.[3] Accordingly, we find no error.

---

[3]Notably, petitioner did not move for a post-dispositional improvement period below. "'Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009). *See also* W. Va. Code § 49-4-610(3)(A) (requiring "a written motion requesting the improvement period"); Syl. Pt. 4, *State ex rel. P.G.-1 v. Wilson*, -- W. Va. --, --

(continued . . . )

4

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 13, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: March 9, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment

---

S.E.2d --, 2021 WL 5355634 (2021) (emphasizing the requirement for a written motion when requesting an improvement period).